IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE DEMOCRATIC PARTY OF GEORGIA, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION No. 1:18-cv-5443-AT |
| ROBYN A. CRITTENDEN, in her official capacity as interim SECRETARY OF STATE OF THE STATE OF GEORGIA, | ) ) ) ) | |
| Defendant. | ) | |

**CONSENT ORDER**

Plaintiff filed this action against the Georgia Secretary of State pursuant to the First and Fourteenth Amendments to the United States Constitution, seeking to compel the Defendant to direct all Georgia county election superintendents and registrars to count any otherwise valid absentee ballot postmarked on or before December 4, 2018, the date for the general election runoff in Georgia, and received by county election officials by December 7, 2018. Plaintiff further seeks

1

an order enjoining the Defendant from certifying the results of the general election runoff until such time as she has determined that all otherwise valid absentee ballots postmarked on or before December 4, 2018, the date for the general election runoff in Georgia, and received by county election officials by December 7, 2018, are included in the returns submitted by the respective counties.

By entering this Consent Order, Plaintiff does not concede that O.C.G.A. § 21-2-386(a)(F), and specifically its requirement that mailed absentee ballots received by the county registrar or absentee ballot clerk after the close of the polls be rejected and those votes not counted, is lawful under the First or Fourteenth Amendments to the U.S. Constitution. Similarly, Defendant does not concede that O.C.G.A. § 21-2-386(a)(F) violates the U.S. Constitution or any other provision of federal or state law.

The Secretary does not concede that any county delayed in sending out absentee ballots for the December 4, 2018, general election runoff and specifically states that the Secretary of State's office and the counties worked as quickly as possible to get absentee ballots out as soon as possible given the judicial orders delaying the final certification of certain county returns as well as the final certification of statewide election returns.  Similarly, Plaintiff does not

acquiesce in the Secretary's position, and Plaintiff stands by its allegations in its Complaint for Declaratory and Injunctive Relief.

In order to avoid the burden, delays, and uncertainties of litigation, however, and to efficiently and expeditiously promote the Parties' shared goal of ensuring that Georgia's voters are afforded the rights guaranteed under the laws of the United States and the State of Georgia, the parties consent to the terms of this Consent Order.

WHEREFORE, the Parties having freely given their consent, it is hereby ORDERED, ADJUDGED, and DECREED that:

1) The Secretary shall issue a bulletin immediately, and by no later than 6:00 PM on Friday, November 30, 2018, to all county election superintendents and direct them to determine for any absentee ballot postmarked on or before December 4, 2018, and received by county election officials by December 7, 2018, whether the absentee ballot is valid under the laws of the State of Georgia as well as any applicable existing federal court orders and any election bulletins previously issued by the Secretary of State. Such bulletin shall direct county officials that, if an absentee ballot bears a postmark, such postmark is dated on or before December

4, 2018, such ballot is otherwise valid pursuant to Georgia law and existing federal court orders in effect for the general election runoff, and the ballot is received by county election officials on or before December 7, 2018, such absentee ballot shall be counted and included with the certified election returns submitted by the applicable county. The Secretary shall also provide all county election superintendents a copy of this Order contemporaneous with the issuance of the election bulletin described above.

2) The Secretary agrees, for the December 4, 2018 general election runoff, to provide notice to the public by issuing a press release by 6:30 PM on Friday, November 30, 2018, reporting that all otherwise valid absentee ballots postmarked on or before December 4, 2018, the date for the general election runoff in Georgia, and received by county election officials by December 7, 2018, shall be counted by local election officials and included in the certified election returns submitted by the respective counties.

3) The Secretary agrees to provide notice to the public on the Secretary of State's website that any otherwise valid absentee ballot postmarked on or before December 4, 2018, the date for the general election runoff in Georgia, and received by county election officials by December 7, 2018, shall be counted by local election officials and included in the returns submitted by the respective counties.

Such notice will be posted on the Secretary's website no later than 10:00 AM on Saturday, December 1, 2018.

4) Nothing in this consent order shall permit the counting of any absentee ballots received by county election officials after the close of the polls at 7:00 PM on Tuesday, December 4, 2018, which bear no postmark. Nothing in this consent order shall permit the counting of absentee ballots hand-delivered to county election officials after the close of the polls at 7:00 PM on Tuesday, December 4, 2018. Nothing in this consent order shall permit the counting of any absentee ballots received by county election officials after Friday, December 7, 2018.

5) The Parties agree that each party shall bear its own costs and fees incurred in bringing or defending this action, and that neither party shall have a claim upon the other for fees or costs incurred in this action.

6) The Parties agree that this order shall apply only to the December 4, 2018, general election runoff, and that nothing in this Consent Order shall have any application to the conduct of any future elections.

7) Upon entry of this Consent Order by the Court, this case shall be administratively closed until such time as the Secretary has certified the final results of the December 4, 2018, general election runoff, at which time, unless

either party has moved the Court to reopen this litigation for violation of this consent order within two business days of the certification by the Secretary of the results of the December 4, 2018, general election runoff, this Court shall enter an order of dismissal.

    IT IS SO ORDERED THIS _____ Day of _____, 2018.

 

                                                                                       _____
                                                                                       Hon. Amy Totenberg
                                                                                       United States District Court Judge

Consented to:

FOR DEFENDANT

CHRISTOPHER M. CARR   112505
Attorney General

ANNETTE M. COWART   191199
Deputy Attorney General


*/s/Russell D. Willard*
RUSSELL D. WILLARD   760280
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA   30334
rwillard@law.ga.gov
404-656-7298

FOR PLAINTIFF:

*/s/ Halsey G. Knapp, Jr.*
HALSEY G. KNAPP, JR.   425320

*/s/ Adam M. Sparks*
ADAM M. SPARKS   341578
One Atlantic Center
Suite 3250
1201 W. Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
404-888-9700
404-888-9577

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, I electronically filed this proposed CONSENT ORDER using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Halsey G. Knapp, Jr.
Adam M. Sparks
One Atlantic Center
Suite 3250
1201 W. Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
404-888-9700
404-888-9577

I hereby certify that I have e-mailed the document to the following non-CM/ECF participants:  None

This 30th day of November, 2018.

*/s/Russell D. Willard*
Russell D. Willard
Senior Assistant Attorney General